**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SAL ALGIERI,

                         Plaintiff,

v.                                                   **Case No.  6:08-cv-0766-Orl-31GJK**

THOMAS VANASKI,

                         Defendant,

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 12)** |
| **FILED:**     **September 28, 2008** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**. |

      On May 12, 2008, *pro se* Plaintiff Sal Algieri ("Algieri") instituted this action by filing a

two (2) page handwritten complaint entitled Violation of Civil Rights – Constitutional Privileges

– Terror on Plaintiff (the "Complaint") against Judge Thomas Vanaski [sic].  Doc. No. 1.[1]  On

May 23, 2008, Algieri filed a handwritten Motion for Leave to Proceed *In Forma Pauperis*.

---

[1] The Court takes judicial notice that Judge Thomas Vanaskie is a United States District Judge, sitting in the United States District Court for the Middle District of Pennsylvania.

Doc. No. 7.   On July 3, 2008, the undersigned entered an order denying the motion because

Algieri failed to attach an Affidavit of Indigency to the motion.  Doc. No. 8.  On July 9, 2008,

Algieri filed an Affidavit of Indigency but failed to file a renewed motion to proceed *in forma*

*pauperis*.  Doc. No. 9.  Therefore, on September 15, 2008, the Court entered an order directing

Algieri to file a renewed motion to proceed *in forma pauperis* and attach his Affidavit of

Indigency thereto or pay the filing fee within eleven (11) days.  Doc. No. 11.  On September 23,

Algieri filed the present handwritten Motion for Leave to Proceed *In Forma Pauperis* (the

"Motion").  Doc. No. 12.  The Motion is now before the Court.

The Motion states the "[a]ppeals [c]ourt has granted *In Forma Pauperis* status," and

attaches what appears to be a November 6, 2006 order of the United States Court of Appeals for

the Third Circuit granting a motion to appeal *in forma pauperis* from a Middle District of

Pennsylvania case.  Doc. No. 12 at 3.  Written below the attached order is the following:

"Explain this I have already been granted In Forma Pauperis – by the Appeals [sic] you can't

hide behind the robe."  *Id*.   In the body of the Motion, Algieri writes the following:  "Judge is

hiding behind his robe.  I and friends will ask for an investigation into him for purposes of

removal."  Doc. No. 12 at 1.[2]  An affidavit is not attached to the Motion.

II.    **APPLICABLE LAW**

A.    *Pro se* **Plaintiff**

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the

Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  If a

Plaintiff chooses to proceed *pro se*, he must abide by the Local Rules for the Middle District of

---

[2]The caption of the Motion erroneously reflects that the defendant in this case is "Judge Anne Conway."

Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.   Rule 41(b),

Federal Rules of Civil Procedure provides for involuntary dismissal of an action "[i]f a plaintiff

fails to prosecute or to comply with these rules or a court order. . . ."  *Id.*  (emphasis added);  *see*

*also* Local Rule 3.10.   Local Rule 2.04(h) requires "[a]ttorneys and litigants . . . conduct

themselves with civility and in a spirit of cooperation. . . ."  *Id.*   A *pro se* litigant who fails to

follow an order of the court or exhibits a lack or respect for the Court and its authority may be

subject to a Rule 41(b) dismissal.  *Gaines v. Bryant*, 2008 WL 696828 (M.D. Ala. March 13,

2008); *see also Moon*, 868 F.2d at 837.

> **B.**    **The Statute and Local Rules**

The United States Congress has required that the district court review a civil complaint

filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to

state a claim.  *See* 28 U.S.C. § 1915.[3]   The mandatory language of 28 U.S.C. § 1915 applies to

all proceedings *in forma pauperis.*  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
>> (A)  the allegation of poverty is untrue; or
>> (B)  the action or appeal --
>>> (i)  is frivolous or malicious;
>>> (ii) fails to state a claim on which relief
>>>      may be granted; or
>>> (iii)  seeks monetary relief against a
>>>      defendant who is immune from
>>>      such relief.

---

[3] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[4]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[4] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

### a.        Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[5]  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway into the federal courts.  *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### b.        Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).  The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Clark*, 915 F.2d at 639.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id.*

---

[5] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

### 1.    Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)).  The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless."  *Denton*, 504 U.S. at 32 - 33.  "Fantastic" or "delusional" allegations are examples of clearly baseless allegations.  *Id*.  Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint.  *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless."  For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants.  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer.  *Phillips*, 746 F.2d at 785.  This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them.  *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[6]   If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

2.    Frivolous Legal Theories

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129.  Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief.[7]  *Clark*, 915 F.2d at 639-40; *Jones v.*

---

[6] To do otherwise -- i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

[7] The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of Section 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under Section 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  A judge performing an examination for frivolity under Section 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

*Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480

F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326-29 (Rule 12 (b)(6) and former Section

1915(d) serve distinctive goals). For example, a Section 1915 dismissal may be appropriate if an

affirmative defense would defeat the action.  *Clark*, 915 F.2d at 640.  The absolute immunity of

the defendant would justify the dismissal of a claim as frivolous.  *See Clark*, 915 F.2d at 640;

*Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988)

(parole board members entitled to absolute quasi-judicial immunity from suit for damages);

*Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403

(11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as

frivolous because of absolute immunity);  *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir.

1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on

immunity given judicial officers);  *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.

1981);  *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in

part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984).  Res judicata and collateral estoppel are

other affirmative defenses which may justify dismissal of a claim as frivolous.  *See Patterson*,

628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846, 850-51 (5th Cir. 1989) (complaint

dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969

(1989).  The expiration of the statute of limitations is another affirmative defense which may

warrant a dismissal as frivolous.  *See Franklin*, 563 F. Supp. at 1330, 1332.  When the defense is

apparent from the face of the complaint or the court's records, courts need not wait and see if the

defense will be asserted in a defensive pleading.  *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a dismissal under Section 1915 might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a Section 1915 dismissal. It is also possible that the district court may use Section 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324. Thus, if the legal theory advanced is indisputably meritless for the foregoing reasons, the court may grant dismissal under Section 1915.

## II.   APPLICATION

### A.   Failure to follow Court's orders

The Court's September 15, 2008 order directed Algieri to file "his renewed Motion to Proceed In Forma Pauperis and attach his Affidavit thereto or pay the $350.00 filing fee." Doc. No. 11 (emphasis added). Algieri failed to attach an affidavit to his renewed Motion. Doc. No. 12. Furthermore, Algieri's statement, "[y]ou can't hide behind the robe," is at the very least a failure to abide by Local Rule 2.04(h). The failure to follow the order of the Court and the Local Rules for the Middle District of Florida warrants involuntary dismissal pursuant to Rule 41(b).

**B.      28 U.S.C. § 1915**

In the event the Court determines Algieri's above-stated failures are excusable, the the Motion

should be denied and the case dismissed pursuant to 28 U.S.C. § 1915.   The present Complaint is not

the first time Algieri brought an action against Judge Thomas Vanaskie.  In *Algieri v. Vanaskie*, Case

No. 3:06-cv-1814, 2006 WL 2707423 (M.D. Pa. September 19, 2006), Algieri filed a complaint

alleging that Vanaskie "sent U.S. Marshals to his home to 'intimate [sic] the Plaintiff,' and that 'treats

[sic] were make [sic] against the Plaintiff if he continued to write negative [sic] regarding this judge.'"

*Id*.  In *Algieri*, the Honorable A. Richard Caputo, dismissed the case as frivolous pursuant to 28

U.S.C. § 1915(e)(2(B)(i).  *Id*., *aff'd* 220 Fed.Appx 74 (3d Cir. 2007) ("Our review shows that it is

beyond question that Algieri's claims 'rely on an indisputably meritless legal theory' or a 'clearly

baseless' or 'fantastic or delusional' factual scenario.") (internal citations omitted).[8]

The present Complaint alleges Judge Vanaskie "[u]nlawfully sent U.S. Marshall [sic] to

Plaintiff's home in Port Orange, Fl[orida]," and "tried to stop Plaintiff from writting [sic] about him."

Doc. No. 1.  The Complaint alleges Algieri has suffered stress, anxiety, depression, and heart surgery

due to the Judge Vanaskie's acts and seeks $1,000,000.00 plus punitive damages of $75,000.00.  Doc.

No. 1.  The allegations in the Complaint appear to be identical to those from the action dismissed in

the Middle District of Pennsylvania.  Therefore, the allegations in the Complaint are simply a rehash

of previously asserted frivolous claims and barred by the doctrines of collateral estoppel and *res*

*judicata*. *See Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846, 850-51 (5th Cir.

---

[8] In *Algieri v. Vanaski* [sic], Case No. 6:08-cv-1276-Orl-28KRS (M.D. Fla. September 4, 2008), the Honorable John
Antoon II, dismissed the case as duplicative litigation to the present case and for lack of *in personam* jurisdiction over
Vanaskie.  *Id*. (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys*., 218 F.3d 1247, 1249 (11th Cir. 2000) (plaintiff has
the burden "to plead sufficient material facts to establish the basis for exercise of personal jurisdiction") (internal citations
omitted)).

1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989).

The Complaint also fails to set forth any facts that would establish this Court's *in personam* jurisdiction over Judge Vanaskie. *See supra* n. 4.

For the above-stated reasons, the undersigned recommends that the Court enter an order denying the Motion and dismissing the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge

Unrepresented parties

Counsel of record